Kenneth DARON

v.

**DEPARTMENT OF CORRECTION
and the Tennessee Civil Service
Commission.**

Supreme Court of Tennessee,
at Nashville.

May 2, 2001.

Alan D. Johnson, Nashville, TN, for the appellant, Kenneth Daron.

Paul G. Summers, Attorney General and Reporter, and William J. Marett, Jr., Assistant Attorney General, for the appellees, Department of Correction and the Tennessee Civil Service Commission.

**OPINION**

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., DROWOTA, HOLDER and BARKER, JJ., joined.

Kenneth Daron was terminated as a Correction Officer I for violating Department of Correction policy. Pursuant to Tenn.Code Ann. § 4–5–301 (1998), he appealed, and the administrative law judge concluded that a ten-day suspension was a more appropriate discipline. The judge, however, denied Daron's application for attorney's fees "because he did not prevail on all aspects of his appeal," in that he was found guilty of misconduct. The Tennessee Civil Service Commission approved the findings. Daron appealed, and the Chancery Court for Davidson County found that the phrase, "successfully appealing employee," under Tenn.Code Ann. § 8–30–328(f) (1998), was analogous to the phrase "prevailing party" under 42 U.S.C

§ 1988(b) (1994), which permits an employee who is partially successful on appeal to receive attorney's fees. Thus, the trial court found that Daron was a "successfully appealing employee" under Tenn.Code Ann. § 8–30–328(f) and was therefore eligible for an award of attorney's fees. The Court of Appeals reversed the trial court's judgment and held that there was no legislative intent to make Tenn.Code Ann. § 8–30–328(f) analogous to 42 U.S.C. § 1988(b). The court further held that because Daron had been adjudicated guilty of misconduct, the Commission did not abuse its discretion in denying attorney's fees. We hold that Daron was a "successfully appealing employee" under Tenn.Code Ann. § 8–30–328(f) in that he succeeded on a "significant claim"; that is, he obtained a reduction in punishment. Accordingly, we reverse the decision of the Court of Appeals and remand this case to the Commission for proceedings pursuant to Tenn.Code Ann. § 8–30–328(f).

## I. Facts and Procedural History

Kenneth Daron, the appellant, was a Correction Officer I for the Department of Correction (DOC) at the Middle Tennessee Reception Center. He was terminated, however, for violation of DOC policy. Daron appealed pursuant to the Tennessee Administrative Procedures Act. *See* Tenn. Code Ann. § 4–5–301 (1998). The administrative law judge found that although Daron had committed several acts of misconduct, the discipline imposed should be a ten-day suspension rather than termination and entered an order to that effect.

The administrative law judge denied, however, the application for attorneys's fees "because [Daron] did not prevail on all aspects of his appeal," in that he was found guilty of misconduct. The Tennessee Civil Service Commission (Commission) approved the findings of the administrative law judge.

Daron appealed the denial of attorney's fees to the Chancery Court for Davidson County. The trial court found that Tenn. Code Ann. § 8–30–328(f) (1998),[1] which provides for discretionary attorney's fees to a "successfully appealing employee," was analogous to 42 U.S.C. § 1988(b) (1994),[2] which provides for discretionary attorney's fees to a "prevailing party." Based upon the United States Supreme Court's definition of "prevailing party"—"a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"[3]— the trial court found that Daron was a "successfully appealing employee" and reversed the Commission's ruling denying attorney's fees.

The Court of Appeals reversed the trial court's decision and held that there was "[n]othing in section 328(f), its pre-enactment history or subsequent construction [which] indicates a legislative intent to make its provisions analogous to a civil rights violation." The court further held that because Daron had been adjudicated guilty of misconduct, the Commission did

---

**1.** Tenn.Code Ann. § 8–30–328(f) provides in pertinent part: "The commission may, in its discretion, award attorney's fees and costs to a *successfully appealing employee.*" (Emphasis added.)

**2.** 42 U.S.C. § 1988(b) provides in pertinent part: "In any action or proceeding to enforce a [civil rights provision], the court, in its

discretion, may allow the *prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs...." (Emphasis added.)

**3.** *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992).

not abuse its discretion in denying an award of attorney's fees.

We granted Daron's application for permission to appeal to determine whether, under the circumstances, Daron is a "successfully appealing employee" under Tenn. Code Ann. § 8–30–328(f) so as to be eligible for an award of attorney's fees.

## II. Standard of Review

■ Construction of a statute and its application to the facts of the case is an issue of law; our standard of review, therefore, is de novo without any presumption of correctness given to the trial court's conclusions of law. *See State v. Owens*, 20 S.W.3d 634, 637 (Tenn.2000); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn.1997); *The Beare Co. v. Tennessee Dept. of Revenue*, 858 S.W.2d 906, 907 (Tenn.1993).

## III. Analysis

■ The issue is whether Daron is a "successfully appealing employee" under Tenn.Code Ann. § 8–30–328(f) (1998) so as to be eligible for an award of attorney's fees. We have not heretofore addressed this issue. The applicable statute, Tenn. Code Ann. § 8–30–328(f), provides:

The commission may, in its discretion, award attorney's fees and costs to a *successfully appealing employee.* Attorney's fees awarded by the commission shall be awarded at the same rates established for the defense counsel commission. Fees established by this section shall apply to disciplinary actions consisting of suspension of ten (10) days or more, demotion or termination of employment. Disciplinary actions consisting of suspensions of less than ten (10) days and all other grievable matters shall continue to follow the schedule outlined in the rules of the department for reimbursement of attorney's fees.

(Emphasis added.) We must therefore determine whether Daron is a "successfully appealing employee." Because this phrase has not been interpreted by this Court or other Tennessee courts, we look to an analogous federal provision for guidance. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b) (1994), provides in pertinent part:

In any action or proceeding to enforce a [civil rights provision], the court, in its discretion, may allow the *prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(Emphasis added.) The United States Supreme Court has defined "prevailing party" as "one who has succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). The Court has further stated that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id.* at 792–93, 109 S.Ct. at 1494; *see also Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

■ When construing a statute under the de novo standard, "[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative

intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995). The purpose of Tenn.Code Ann. § 8–30–328 is to give employees "every opportunity to resolve bona fide complaints or grievances through established procedures." Tenn.Code Ann. § 8–30–328(a)(4). The federal statute has a similar purpose—to ensure "effective access to the judicial process." H.R.Rep. No. 94–1558, 94th Cong., 2d Sess. 1 (1976). To require litigants to succeed on all aspects of their appeal, as the DOC and the Commission suggest, would not only discourage litigants from pursuing their legitimate claims but would also make attorneys reluctant to represent them.

The DOC and the Commission contend that although the discipline was reduced, Daron is not a "successfully appealing employee" under Tenn.Code Ann. § 8–30–328(f) because he was found guilty of several acts of misconduct. Daron, however, has indeed succeeded on a "significant claim," in that he obtained a reduction in discipline from termination to a ten-day suspension. *See Texas State Teachers Ass'n,* 489 U.S. at 791, 109 S.Ct. at 1493. The finding that he is guilty of misconduct, therefore, is not conclusive as to whether he fits the category of a "successfully appealing employee."

We conclude that the phrases "prevailing party" and "successfully appealing employee" are analogous and hold that a litigant is a "successfully appealing employee" if the employee succeeds on a "significant claim" which affords the employee a substantial measure of the relief sought. Because Daron appealed the DOC's decision to terminate his employment and the discipline was reduced to a ten-day suspension, Daron is a "successfully appealing employee" under Tenn. Code Ann. § 8–30–328(f). We therefore reverse the decision of the Court of Appeals and remand this case to the Commission to determine whether an award of attorney's fees should be granted and, if so, in what amount.

## IV. Conclusion

Because Daron succeeded on a "significant claim" which afforded him a substantial measure of the relief sought, a reduction in discipline from termination to a ten-day suspension, we hold that he is a "successfully appealing employee" under Tenn. Code Ann. § 8–30–328(f). Accordingly, the decision of the Court of Appeals is reversed, and this case remanded to the Commission to determine whether Daron should receive attorney's fees and, if so, in what amount. Costs are taxed to the Department of Correction and the Tennessee Civil Service Commission.