IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 17, 2007 Session

**THE ESTATE OF ELDORA BURKES, by and through its Administrator, C.T.A., CALVIN BURKES**
**v.**
**ST. PETER VILLA, INC., d/b/a ST. PETER VILLA NURSING HOME**

An Appeal from the Circuit Court for Shelby County
No. CT-005655-02     D'Army Bailey, Judge

No. W2006-02497-COA-R3-CV - Filed September 12, 2007

This appeal involves an award of discretionary costs after a voluntary dismissal. The plaintiff estate filed a lawsuit against the defendant nursing home, alleging abuse and neglect of the plaintiff's decedent. The defendant nursing home filed a motion for summary judgment and a motion to exclude the plaintiff's expert. The motion for summary judgment was denied, but the motion to exclude the plaintiff's expert was granted. The plaintiff then filed a notice of voluntary nonsuit. Consequently, the trial court entered an order of voluntary dismissal without prejudice. After entry of this order, the defendant nursing home filed a motion for discretionary costs, pursuant to Rule 54.04(2) of the Tennessee Rules of Civil Procedure. The trial court granted the motion, and entered an order assessing the costs against the plaintiff estate. The plaintiff estate now appeals, arguing that the defendant nursing home was not entitled to an award of discretionary costs because it obtained no relief on the merits of the case and therefore was not a "prevailing party." We affirm, finding that Rule 54.04(2) expressly authorizes the trial court, in its discretion, to award discretionary costs to a defendant in a lawsuit that is voluntarily dismissed without prejudice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and BEN H. CANTRELL, SR. J., joined.

M. Chad Trammel and S. Drake Martin, Jackson, Tennessee, and Brian G. Brooks, Greenbrier, Arkansas, for appellant, The Estate of Eldora Burkes, by and through its Administrator, C.T.A., Calvin Burkes.

Donna L. Boyce and Brian S. Faughnan, Memphis, Tennessee, for appellee, St. Peter Villa, Inc., d/b/a St. Peter Villa Nursing Home.

**OPINION**

In November 2001, Ms. Eldora Burkes ("Decedent") was admitted to a nursing home facility owned and controlled by Defendant/Appellee St. Peter Villa, Inc., d/b/a St. Peter Villa Nursing Home ("St. Peter"). At the time of her admission, the Decedent was in poor health and in need of total care; she had recently suffered a stroke, which left her partially paralyzed, and suffered from a number of other medical conditions.

A month later, on December 29, 2001, the Decedent was transported to the Regional Medical Center. At the time she was admitted, the Decedent's temperature was elevated, her feeding tube insertion site was leaking, and she had a decubitus ulcer, or pressure sore, on the scoliotic portion of her back. While at the Medical Center, the Decedent was diagnosed with sepsis, a bloodstream infection. After treatment, the Decedent returned to St. Peter on January 15, 2002.

The Decedent's condition deteriorated; the ulcer on her back worsened and, in addition, she developed sores on her face and her toes, as well as gangrenous areas on her right foot. Consequently, on January 18, 2002, she was transported to the University of Tennessee Bowld Hospital. She died at the hospital several days later, on January 23, 2002, at the age of 88.

On October 2, 2002, Plaintiff/Appellant The Estate of Eldora Burkes, by and through its Administrator, C.T.A., Calvin Burkes ("Burkes"), filed a lawsuit against St. Peter, alleging that St. Peter negligently failed to provide proper care and treatment to the Decedent. Burkes alleged that the negligent acts of St. Peter directly and proximately caused the Decedent to suffer pressure sores, sepsis, and other blood-borne toxic infections, which resulted in pain and suffering and ultimately hastened the Decedent's death. Burkes sought compensatory and punitive damages. St. Peter filed an answer denying all allegations of negligence.

Discovery ensued. In February 2004, Burkes designated two expert witnesses expected to testify at trial, Gerald Gowitt, M.D., and Teresa Lowery, R.N. The designation indicated that Ms. Lowery was expected to testify concerning alleged breaches of the standard of care owed to nursing home residents. It indicated that Dr. Gowitt was expected to testify on whether St. Peter breached the standard of care applicable to the Decedent's treatment and medical condition, as well as causation of the Decedent's injuries. However, during a deposition taken on June 7, 2004, Dr. Gowitt repeatedly declined to offer any medical opinion that St. Peter's alleged deviations from the standard of care proximately caused the Decedent's injuries.

On March 27, 2006, St. Peter filed a motion for summary judgment. For purposes of ruling on the summary judgment motion, it was undisputed that Dr. Gowitt refused to testify that the care provided to the Decedent by St. Peter was the proximate cause of her injuries. Because Burkes failed

to establish a genuine issue of fact by offering competent expert testimony on the issue of causation, St. Peter argued that it was entitled to judgment as a matter of law.[1]

On April 21, 2006, approximately one month prior to trial, Burkes designated a new expert witness, Dr. Absalom Tilley, and filed a response in opposition to the motion for summary judgment. In an affidavit attached to Burkes' response, Dr. Tilley opined that the substandard care St. Peter provided was a "significant contributing factor to the continued medical decline suffered by [the Decedent], which ultimately caused and/or contributed to her untimely death." Relying on Dr. Tilley's affidavit as well as the deposition testimony of Ms. Lowery, Burkes argued that the record contained sufficient expert proof to establish a genuine issue of fact as to the negligence and liability of St. Peter. Burkes also argued that St. Peter's summary judgment motion ignored Burkes' other claims, including ordinary negligence, negligence per se, intentional misconduct, and wrongful death. Accordingly, Burkes argued that St. Peter's motion should be denied.

Before the trial court ruled on the motion for summary judgment, St. Peter filed a motion to exclude Dr. Tilley's testimony. St. Peter argued that Burkes failed to timely designate Dr. Tilley as an expert witness and that Burkes failed to seasonably supplement interrogatory responses to disclose Dr. Tilley as an expert witness. On May 2, 2006, the trial court entered an order denying St. Peter's motion for summary judgment. The next day, the trial court entered an order granting St. Peter's motion to exclude Dr. Tilley as an expert witness.

Apparently divining the likely outcome of the trial in light of the trial court's exclusion of Dr. Tilley, Burkes filed a notice of voluntary nonsuit without prejudice. On June 2, 2006, the trial court entered an order of voluntary dismissal without prejudice. In the interim, St. Peter had filed a motion for reconsideration of the denial of summary judgment or, in the alternative, for permission to seek an interlocutory appeal. The trial court did not rule on this motion.

On June 20, 2006, St. Peter filed a motion for discretionary costs, pursuant to Rule 54.04(2) of the Tennessee Rules of Civil Procedure. St. Peter sought $5,173.70 in discretionary costs, which included the expenses and expert fees incurred in the course of the eight depositions taken in preparation for trial. On September 28, 2006, the trial court entered an order granting St. Peter's motion and awarding it the full amount of discretionary costs sought. From this order, Burkes now appeals.

---

[1] In a medical malpractice suit, the plaintiff must put forth expert proof on each element of the claim, unless the negligent act or omission is within the common knowledge of an ordinary person. *Ayers v. Rutherford Hosp., Inc.*, 689 S.W.2d 155, 160 (Tenn. Ct. App. 1984).

Burkes presents a single issue for appellate review, namely, whether St. Peter was a "prevailing party" entitled to an award of costs under Rule 54.04(2) of the Tennessee Rules of Civil Procedure, when the case against it was voluntarily dismissed without prejudice.[2]

Ordinarily, the standard of review for a trial court's decision to award discretionary costs is an abuse of discretion standard. *Long v. HCA Health Servs. of Tenn., Inc.*, No. M2001-00505-COA-R3-CV, 2002 WL 459009, at *6 (Tenn. Ct. App. Mar. 26, 2002) (citing *Placencia v. Placencia*, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999)). In this appeal, however, the issue presented requires interpretation of Rule 54.04(2) of the Tennessee Rules of Civil Procedure, which is a pure question of law. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004); *Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003). Questions of law are reviewed *de novo* on the appellate record, according no presumption of correctness to the conclusions of the trial court. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005); *Wellmont Health Sys. v. Tenn. Health Facilities Comm'n*, No. M2002-03074-COA-R3-CV, 2004 WL 193074, at *4 (Tenn. Ct. App. Jan. 29, 2004). Therefore, we apply a *de novo* standard of review.

In this appeal, Burkes does not challenge the amount of the costs awarded to St. Peter, nor does he assert that the trial court abused its discretion in deciding to award such costs. Rather, Burkes contends that the trial court did not have authority to award costs in the first instance, because St. Peter is not a "prevailing party" within the meaning of Rule 54.04(2) of the Tennessee Rules of Civil Procedure.

Burkes' argument is predicated on two premises: (1) under Rule 54.04(2), only a "prevailing party" may recover costs, and (2) a defendant in a case such as this, which is voluntarily dismissed for strategic reasons and can be refiled, does not fit the traditional definition of "prevailing party." From these two premises, Burkes concludes that a defendant in a case such as this cannot recover costs.

In arguing that only a "prevailing party" may recover costs under Rule 54.04(2), Burkes looks first to Rule 54.04(1), which addresses the costs included in the court clerk's bill of costs. Burkes notes that subsection (1) states that the clerk is to allow such costs "to the *prevailing party* unless the court otherwise directs . . . ." Tenn. R. Civ. P. Rule 54.04(1) (2005) (emphasis added). In subsection (2) of Rule 54.04, the term "prevailing party" is used in the last sentence; the subsection states that, if an appeal of the trial court's judgment results in a decision under which "there is a

---

[2]St. Peter raises an issue on appeal as well. St. Peter asks this Court to review whether the trial court erred in denying its motion for summary judgment, after excluding the only source of expert testimony on causation. We decline to address this issue on appeal. A trial court's denial of a motion for summary judgment is an interlocutory decision that does not result in a final and appealable judgment under Rule 3 of the Tennessee Rules of Civil Procedure. *See, e.g.*, *Williamson County Broad. Co. v. Williamson County Bd. of Ed.*, 549 S.W.2d 371, 373 (Tenn. 1977); *see also In re Estate of McCord*, 661 S.W.2d 890, 891 (Tenn. Ct. App. 1983); *Martin v. Washmaster Auto Ctr., Inc.*, No. 01A01-9305-CV-00224, 1993 WL 241315, at *2 (Tenn. Ct. App. July 2, 1993). "Taking a voluntary nonsuit does not render the denial of a summary judgment any more suitable for appellate review." *Martin*, 1993 WL 241315, at *2.

different prevailing party . . . .," then the new prevailing party may request discretionary costs. Tenn. R. Civ. P. 54.04(2) (2005). Burkes also relies on cases involving an award of discretionary costs following a judgment on the merits, in which the appellate court outlines the factors to be considered in deciding whether to award such costs, which factors include whether the party seeking costs is a "prevailing party." For example, in **Russell v. Brown**, No. E2004-01855-COA-R3-CV, 2005 WL 1991609 (Tenn. Ct. App. Aug. 18, 2005), the court stated:

> In determining whether to award discretionary costs, a trial court is instructed to (1) *determine whether the party seeking costs is the "prevailing party;"* (2) limit awards to those costs specifically enumerated in the rule; (3) determine if the requested costs are "necessary and reasonable;" and (4) determine whether the *prevailing party* has engaged in conduct during the litigation that warrants depriving it of the costs to which it might otherwise be entitled.

*Id.* at *11 (emphasis added).

If that premise is accepted, Burkes goes on to argue that defendant St. Peter is not a "prevailing party" despite the dismissal of Burkes' lawsuit, because St. Peter did not obtain at least some relief on the merits of the case. Burkes again relies primarily on cases in which there was a judgment on the merits, some involving an award of attorney's fees rather than discretionary costs. In these cases, the term "prevailing party" is defined as one who obtains some relief on the merits of the case or a material alteration in the legal relationship of the parties. *See Consol. Waste Sys., LLC v. Metro. Gov't of Nashville & Davidson County*, No. M2002-02582-COA-R3-CV, 2005 WL 1541860, at *46-48 (Tenn. Ct. App. June 30, 2005) ("[A] prevailing party [is] one who succeeded 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' ") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983)); *see also Daron v. Dep't of Corr.*, 44 S.W.3d 478, 480 (Tenn. 2001); *Dairy Gold, Inc. v. Thomas*, No. E2001-02463-COA-R3-CV, 2002 WL 1751193, at *4 (Tenn. Ct. App. July 29, 2002). A dismissal without prejudice is not considered an adjudication on the merits. *See Milam v. Wal-Mart Stores, Inc.*, No. 02A01-9208-CV-11224, 1993 WL 90388, at *1 (Tenn. Ct. App. Mar. 30, 1993) ("The words 'without prejudice' . . . shows that the judicial act is not intended to be res judicata of the merits of the controversy.") (quoting Black's Law Dictionary 1437 (5th ed. 1979)).

Apparently anticipating protest that this argument results in the conclusion that a defendant in a case that is voluntarily dismissed will never be considered a "prevailing party" and thus can never obtain an award of discretionary costs, Burkes allows that a defendant such as St. Peter may be considered a "prevailing party" eligible for an award of costs "[i]n cases where a plaintiff voluntarily dismisses and cannot or will not refile the case . . . ." In the instant case, Burkes notes, the lawsuit has already been refiled, and the costs awarded are for depositions which can be used in the refiled case, so St. Peter should not be considered a prevailing party.

In analyzing this issue, we look first to the language of the Rule at issue:

Rule 54.04 Costs
  (1) Costs included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs, but costs against the state, its officers, or its agencies shall be imposed only to the extent permitted by law.
  (2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs. *Subject to Rule 41.04*, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. *The court may tax discretionary costs at the time of voluntary dismissal*. In the event an appeal results in the final disposition of the case, under which there is a different prevailing party than the prevailing party under the trial court's judgment, the new prevailing party may request discretionary costs by filing a motion in the trial court, which motion shall be filed and served within thirty (30) days after filing of the appellate court's mandate in the trial court pursuant to Rule 43(a), Tenn. R. App. P.

Tenn. R. Civ. P. 54.04 (2005) (emphasis added).[3] Thus, while subsection (1) of Rule 54.04 directs the clerk to award the costs in the bill of costs to the "prevailing party" unless the court directs otherwise, subsection (2) contains no such language. The only place in which the term "prevailing party" appears in subsection (2) is in the last sentence, added by amendment in 2005. The phrase does not appear at all in the sentence under which the costs in this case were awarded: "The court may tax discretionary costs at the time of voluntary dismissal." Both the language of Rule 54.04(2) and the advisory comment to Rule 54.04(2) direct us to consider this provision in connection with Rule 41.04, which states:

  If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the Court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the new action until the plaintiff has complied with the order.

---

[3]Subsection (2) of Rule 54.04 was promulgated by the Tennessee Supreme Court in 1986. *Lock v. Nat'l Union Fire Ins. Co.*, 809 S.W.2d 483, 489 (Tenn. 1991); *Mass. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 33-34 (Tenn. Ct. App. 2002). Prior to 1986, the only litigation-related expenses allowed under Rule 54.04 were the costs included in the bill of costs, which are allowed to the prevailing party unless otherwise directed by the trial court. *Id.*; Tenn. R. Civ. P. 54.04(1).

Tenn. R. Civ. P. 41.04 (2005).[4]  Thus, Rule 41.04 provides that, upon recommencement of an action voluntarily dismissed, where the second action is based upon or includes the same claim against the same defendant, a trial court "may make such order for the payment of costs of the action previously dismissed as it may deem proper."  Tenn. R. Civ. P. 41.04 (2005).

The sentence, "The court may tax discretionary costs *at the time of voluntary dismissal*," was added to Rule 54.04(2) by the 1995 amendment.  (emphasis added).  This sentence was added in order to clarify that the reference to Rule 41.04 did not mean that a trial court could not tax discretionary costs at the time of the voluntary dismissal, provided that the defendant timely filed and served a motion for such costs.  Tenn. R. Civ. P. 54.04, advisory cmt. to 1995 amendment; ***see also*** Robert Banks, Jr. and June F. Entman, *Tennessee Civil Procedure* § 4-9(b) (1999).  Thus, in the event of a voluntary dismissal without prejudice, the trial court may, in its discretion, award costs either at the time of voluntary dismissal or upon refiling of the lawsuit.  Tenn. R. Civ. P. 54.04(2); ***see*** Robert Banks, Jr., and June F. Entman, *Tennessee Civil Procedure* §§ 4-9(b), 9-2(h) (1999).

Burkes maintains that the provision of Rule 54.04(2) pertaining to an award of costs at the time of voluntary dismissal requires the court to determine if the defendant is the prevailing party, despite the fact that neither Rule 54.04(2) nor Rule 41.04 expressly requires such a determination.  Certainly, in cases in which there has been a judgment on the merits or a dismissal with prejudice, a determination of whether the party seeking discretionary costs is a prevailing party is relevant, if not pivotal, in deciding whether to award such costs.  ***See Mass. Mut. Life Ins. Co. v. Jefferson***, 104 S.W.3d 13, 36-37 (Tenn. Ct. App. 2002) (noting that courts should "determine whether the party requesting the costs is the 'prevailing party.' "); ***Long v. HCA Health Servs. Of Tenn., Inc.***, No. M2001-00505-COA-R3-CV, 2002 WL 459009, at *6 (Tenn. Ct. App. Mar. 26, 2002).

A number of cases have affirmed an award of discretionary costs in the context of a voluntary dismissal, without directly addressing whether Rule 54.04(2) requires a determination of whether the party seeking the costs is a prevailing party.  ***See, e.g., White v. Albritton***, No. W2000-03068-COA-R3-CV, 2001 WL 846061 (Tenn. Ct. App. July 26, 2001); ***Yeubanks v. Methodist Healthcare-Memphis Hospitals***, No. W2001-02051-COA-R3-CV, 2003 WL 21392411 (Tenn. Ct. App. June 10, 2003).

In a recent decision, this Court held that, for purposes of Rule 54.04(2), a defendant in a case that was voluntarily dismissed was the prevailing party.  In ***JP Morgan Chase Bank v. Franklin Nat'l Bank***, No. M2005-02088-COA-R3-CV, 2007 WL 2316450 (Tenn. Ct. App. Aug. 13, 2007),

---

[4]The Advisory Comment to Rule 54.04 states:

> If the plaintiff takes a voluntary nonsuit, Rule 41.04 gives the trial judge discretion to require payment of costs upon recommencement of the action.  Revised Rule 54.04 would permit assessment of costs at an earlier date, assuming the defendant submits and the court enters an order formally dismissing the case pursuant to plaintiff's nonsuit.

Tenn. R. Civ. P. 54.04 advisory cmt. to 1993 amendment.

-7-

one bank filed a lawsuit against another bank. The plaintiff bank voluntarily dismissed its state court lawsuit and re-filed in federal court. Soon after the plaintiff bank filed its notice of voluntary dismissal, the defendant filed a motion requesting discretionary costs. The state trial court granted the motion for discretionary costs, and the plaintiff appealed. *JP Morgan*, 2007 WL 2316450, at *2.

The appellate court first disallowed the trial court's inclusion of attorney's fees in the award of discretionary costs, finding that attorney's fees could not be awarded pursuant to Rule 54.04(2).[5] *Id.* at *4. The appellate court then addressed the remainder of the discretionary costs awarded pursuant to Rule 54.04(2).

The *JP Morgan* Court noted first that courts should, as a general matter, award discretionary costs to a prevailing party if the costs are reasonable and the motion seeking costs was timely filed. *Id.* at *7. It then stated, without elaboration, "For the purpose of Tenn. R. Civ. P. 54.04(2) [the defendant bank] was the prevailing party because [the plaintiff bank] voluntarily dismissed its suit." *Id.* at *8. The Court found that the award of discretionary costs (excluding the attorney's fees) was not an abuse of discretion, and affirmed it. *Id.* Thus, irrespective of whether the defendant bank fit the definition of "prevailing party" utilized in cases involving an adjudication on the merits or a dismissal with prejudice, the *JP Morgan* Court found that the defendant bank was a "prevailing party" because it had obtained a dismissal of the plaintiff's lawsuit, albeit without prejudice.

In this appeal, Burkes invites this Court to adopt a standard in which a defendant in a case that is voluntarily dismissed without prejudice may be deemed a "prevailing party," and thus obtain discretionary costs, only "in cases where a plaintiff voluntarily dismisses and cannot or will not refile the case." This we decline to do. Such a standard is patently unworkable and requires the trial judge to either make decisions on issues not before the court or be clairvoyant. For the trial court to determine whether the plaintiff "cannot" refile the case would require the trial court to determine issues such as whether the savings statute would apply to the refiled case, issues normally decided only if and when the case is refiled. Even more far-fetched is the proposal that the trial court determine, at the time the case is voluntarily dismissed, whether the plaintiff *will* refile the lawsuit. How can the trial judge know this? In this case, the strategic reason for Burkes' decision to voluntarily dismiss was obvious, and Burkes promptly refiled the lawsuit. In many cases, however, the reason for the voluntary dismissal is not known by the defendant or the trial court, and whether the plaintiff intends to refile may not be apparent.

Moreover, Burkes' suggested analysis is at odds with Rule 41.04, which expressly provides for an award of discretionary costs *when the lawsuit is refiled*. Obviously, under Rule 41.04, an award of discretionary costs is appropriate where the plaintiff can and does refile the lawsuit. Rule

---

[5]The plaintiff bank in *JP Morgan* also argued that the attorney's fees could be awarded as part of the discretionary costs pursuant to Rule 41.04. This argument was rejected because an award under Rule 41.04 must be made by the court in which the subsequent action is commenced, in that case the federal court. *JP Morgan*, 2007 WL 2316450, at *5.

54.04(2) plainly directs us to interpret it in connection with Rule 41.04. It makes more sense to simply hold, as did the Court in *JP Morgan*, that a defendant in a case that is voluntarily dismissed is necessarily the "prevailing party" simply because the plaintiff "voluntarily dismissed its suit." *JP Morgan*, 2007 WL 2316450, at *8.

Regardless, Rule 54.04(2) plainly authorizes an award of discretionary costs in precisely this circumstance. Whether the Rule is interpreted to mean that no determination of prevailing party status is required in the case of a voluntary dismissal, or whether a defendant in a case that is voluntarily dismissed is necessarily always the "prevailing party," Rule 54.04(2) expressly authorizes the trial court to "tax discretionary costs at the time of voluntary dismissal." Applying the plain language of Rule 54.04(2) as written, we must conclude that the trial court in this case had full authority to grant St. Peter's motion for discretionary costs.

The decision of the trial court is affirmed. Costs of this appeal are to be taxed to Plaintiff/Appellant The Estate of Eldora Burkes, by and through its Administrator, C.T.A., Calvin Burkes, and its surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE