IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 24, 2014 Session

## LEON WILLIAMS v. JANNIE WILLIAMS

**Appeal from the Circuit Court for Davidson County**
**No. 12427Philip E. Smith, Judge**

**No. M2013-01910-COA-R3-CV - Filed January 30, 2015**

W. NEAL MCBRAYER, J., dissenting.

Because I disagree with the Court's interpretation of the term "prevailing party" as used in the parties' Martial Dissolution Agreement ("MDA"), I respectfully dissent. Citing *Fannon v. City of LaFollette*, 329 S.W.3d 418 (Tenn. 2010), the majority concludes "a party may be recognized as the prevailing party if that party achieves the primary benefit sought in instituting the legal proceeding and/or if the action modifies the opposing party's behavior in a way that provides a direct benefit, regardless of the fact there was no hearing or judgment on the merits." In my view, *Fannon* does not stand for such a proposition, and *Fannon* does not represent a departure from the interpretations of the term "prevailing party" by the United States Supreme Court.

"'Prevailing party' is not some newfangled legal term . . . ." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 610 (2001) (Scalia, J., concurring). The term has appeared in federal statutes since at least 1867. *Id.* at 611. Not surprisingly, then, Tennessee courts have turned to United States Supreme Court interpretations of "prevailing party." *See, e.g.*, *Fannon*, 329 S.W.3d at 430-31 (applying Tenn. R. Civ. P. 54.04); *Daron v. Dep't of Corr.*, 44 S.W.3d 478, 480 (Tenn. 2001) (interpreting Tenn. Code Ann. § 8-30-328(f)); *Dairy Gold, Inc. v. Thomas*, No. E2001-02463-COA-R3-CV, 2002 WL 1751193, at *4 n.1 (Tenn. Ct. App. July 29, 2002) (interpreting a lease provision).

In *Consolidated Waste Systems, LLC v. Metropolitan Government of Nashville & Davidson County*, No. M2002-02582-COA-R3-CV, 2005 WL 1541860 (Tenn. Ct. App. June 30, 2005), the Tennessee Court of Appeals distilled from a 2001 United States Supreme Court decision the following definition of "prevailing party":

In *Buckhannon Board and Care Homes, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598 [ ] (2001), the Court ruled that a "prevailing party" does not include one who fails to secure a judgment or court-ordered consent decree, even though the desired result of the lawsuit is achieved because of a voluntary change in the defendant's conduct, thus declining to adopt the "catalyst" theory. In that opinion, the Court made it clear that to be a prevailing party, one must receive at least some judicially-sanctioned relief on the merits of his or her claim. 532 U.S. at 600-604, [ ].

*Consol. Waste*, 2005 WL 1541860, at *46.

*Consolidated Waste* also references a "material alteration of the legal relationship of the parties." *Id.* at *47. However, read in context, the material alteration requirement is not an alternative to a judgment on the merits, but rather, an additional requirement to become a "prevailing party." *Id.* In other words, a party only "prevails" when "'actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

The majority here embraces a catalyst theory relying primarily on two cases: *Isaac v. Center for Spine, Joint, & Neuromuscular Rehabilitation, P.C.*, No. M2010-01333-COA-R3-CV, 2011 WL 2176578 (Tenn. Ct. App. June 1, 2011), and *Fannon v. City of LaFollette*, 329 S.W.3d 418 (Tenn. 2010). In defining "prevailing party" as the party "who obtains some relief on the merits of the case *or* a material alteration in the legal relationship of the parties," the Court cites *Isaac v. Center for Spine, Joint, & Neuromuscular Rehabilitation, P.C. Isaac*, in turn, directly quotes *Estate of Burkes v. St. Peter Villa, Inc.*, No. W2006-02497-COA-R3-CV, 2007 WL 2634851, at *4 (Tenn. Ct. App. Sept. 12, 2007). The formulation of the definition of "prevailing party" found in *Estate of Burkes* is suspect, however, because it relies upon cases holding that, to be a prevailing party, the person must obtain a judgment in its favor, not merely a "material alteration in the legal relationship of the parties." *See Consol. Waste*, 2005 WL 1541860, at *46-48; *Daron*, 44 S.W.3d at 480; *Dairy Gold*, 2002 WL 1751193, at *4.

In *Fannon v. City of LaFollette*, the plaintiff obtained some judicially-sanctioned relief on the merits of his claim, namely a temporary injunction that restricted the challenged pay raises. *Fannon*, 329 S.W.3d at 423. The question faced by our Supreme Court was whether that relief was "on the merits." *Id.* at 431-32. Concluding that it was on the merits, the Supreme Court found the plaintiff to be a prevailing party. *Id.* at 432. Consequently, *Fannon* does not represent a circumstance where there was no hearing or judgment on the merits.

Now turning to the facts of this case, the trial court awarded attorney's fees to Ms. Williams upon her petition for civil contempt. The petition was dismissed as moot, so there was no judicially-sanctioned relief on the merits of this particular claim. If Ms. Williams's petition for civil contempt had been the only matter before the trial court, Ms. Williams would not be a prevailing party, and an award of attorney's fees under the MDA would be inappropriate. However, there were other matters before the court. As noted by the majority, Mr. Williams filed four petitions for civil contempt. Mr. Williams voluntarily dismissed the last of these petitions, but it is unclear whether the other petitions were disposed of on the merits.

Given this record, I would vacate the judgment awarding attorney's fees and remand for a determination of whether Ms. Williams was the prevailing party on any of the other matters on which the trial court ruled. In making this determination, I would ask the trial court to consider whether Ms. Williams received actual relief from the court on the merits of a claim related to enforcement of the MDA.

_____
W. NEAL McBRAYER, JUDGE