IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2019 Session

## ANDY AYLOR v. FRED CARR ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C1929          Joseph P. Binkley, Jr., Judge**

_____

### No. M2018-01836-COA-R3-CV
_____

This appeal arises from the trial court's award of attorneys' fees to three state employee-defendants. The plaintiff, also a state employee, sued the defendants in their individual and official capacities related to the plaintiff's termination from his employment. The defendants moved to dismiss the plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Tenn. R. Civ. P. 12.02(6). The trial court granted the motions and dismissed the plaintiff's claims with prejudice. The defendants then filed a joint motion for attorneys' fees, relying on Tenn. Code Ann. § 29-20-113, which permits a state employee to recover attorneys' fees when the employee is the "prevailing party" on claims filed against the employee in the employee's individual capacity. The trial court granted this motion and awarded reasonable attorneys' fees and costs to the defendants. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Michele Hodges, Nashville, Tennessee, and Tia Marie Bailiff, Springfield, Tennessee, for the appellant, Andy Aylor.

William Joseph Haynes, III, and Raquel Lee Bellamy, Nashville, Tennessee, for the appellee, Scott Lindsey.

Andrew David McClanahan, Christopher Michael Lackey, and Jenifer Bonilla Moreno, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville & Davidson Co.

Michael Stewart Holder, Yijie Larry Cheng, and David Randall Mantooth, Nashville, Tennessee, for the appellee, Joe Vanderveen.

Samuel L. Jackson, Nashville, Tennessee, for the appellee, Craig Ott.

**OPINION**

On June 3, 2016, Andy Aylor ("Aylor") was terminated from his employment with Metropolitan Nashville Public Schools ("MNPS"). Aylor brought suit related to his termination on February 21, 2017, against the Metropolitan Government of Davidson County, Tennessee ("Metro") and two MNPS employees. On July 13, 2017, over one year after the date of his termination, Aylor amended his complaint to add Joe Vanderveen, Scott Lindsey, and Craig Ott (collectively, "Defendants") in both their individual and official capacities.

Aylor asserted multiple claims against Defendants, including negligent infliction of emotional distress, civil conspiracy, defamation, and violation of Aylor's due process rights. Defendants moved to dismiss the claims for failure to state a claim upon which relief can be granted pursuant to Tenn. R. Civ. P. 12.02(6), arguing, *inter alia*, that the claims were barred by the one-year statute of limitations. In their memoranda of law in support of these motions, Defendants also asserted that Aylor failed to sufficiently plead that Defendants were acting within their individual capacities. The latest date on which any of Defendants filed his motion to dismiss was October 2, 2017.[1]

On January 18, 2018, the trial court entered an order granting, in part, Defendants' motions to dismiss, with the exception of two of the claims against Ott, on which the trial court requested further briefing. The trial court revised this order on May 1, 2018, and subsequently entered a final order and dismissed the remaining claims against Ott on July 10, 2018. The trial court dismissed the majority of the claims as to all Defendants on statute of limitations grounds, and all of the dismissals were with prejudice. Thereafter, Defendants filed a joint motion for attorneys' fees. The trial court granted the motion and awarded Defendants their reasonable attorneys' fees and expenses pursuant to Tenn. Code Ann. § 29-20-113, which provides in pertinent part:

> (a) [I]f a claim is filed . . . against an employee of the state or of a governmental entity of the state in the person's individual capacity, and the claim arises from actions or omissions of the employee acting in an official capacity or under color of law, and that employee prevails in the proceeding as provided in this section, then the court or other judicial body on motion

---

[1] Lindsey and Ott filed their motions to dismiss on September 25, 2017, and Lindsey filed an amended motion that same day. Vanderveen initially filed his motion to dismiss on August 18, 2017, but filed an amended motion on October 2, 2017.

shall award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee.

(b) For purposes of this section, the employee shall be the prevailing party if:

> (1) The employee successfully defends the claim alleging individual liability; or

> (2) The claim of individual liability is dismissed with or without prejudice after forty-five (45) days have elapsed after an answer or other responsive pleading is filed in which the employee asserts the employee was not acting within the employee's individual capacity at the time of the matters stated in the complaint.

.    .    .

(d) Attorneys' fees and costs shall be paid to the state, or a governmental entity of the state, if either the state or the governmental entity represents, or retains and agrees to pay for counsel to represent, the employee sued in an individual capacity. . . .

Aylor appeals the award of attorneys' fees under this statute but not the dismissal.[2] Aylor argues that Defendants were not represented only in their individual capacities and that this is a requirement for an award of attorneys' fees under the statute. Aylor further argues that Defendants are not "prevailing parties" as defined by §§ 29-20-113(b)(1)–(2). Thus, Aylor argues that the trial court erred in awarding Defendants their reasonable attorneys' fees and costs.

### ANALYSIS

Questions of statutory interpretation are questions of law, which we review de novo, without a presumption of correctness. *Beard v. Branson*, 528 S.W.3d 487, 495 (Tenn. 2017) (citation omitted). In interpreting statutes, it is the duty of the courts "to effectuate legislative intent." *Kyle v. Williams*, 98 S.W.3d 661, 664 (Tenn. 2003). "Legislative intent is to be ascertained primarily from the natural and ordinary meaning of the language used." *Id.* When the language in a statute is unambiguous, "we must apply its plain meaning without a forced interpretation that would limit or expand the

---

[2] At oral argument, there was some discussion about the applicability of another attorneys' fees statute, Tenn. Code Ann. § 20-12-119. However, the application of this statute was not properly raised in the parties' briefs. We accordingly only discuss the application of Tenn. Code Ann. § 29-20-113. *See* Tenn. R. App. P. 13(b).

statute's application." *State v. Walls*, 62 S.W.3d 119, 121 (Tenn. 2001); *see Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn. 2000) (reasoning that "it is not for the courts to alter or amend a statute"). That is, courts are to "presume that the legislature says in a statute what it means and means in a statute what it says there." *Gleaves*, 15 S.W.3d at 803 (quoting *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997)). We "look beyond the statutory language to determine the legislature's intent" only if the statute's plain language is ambiguous. *State v. Jennings*, 130 S.W.3d 43, 46 (Tenn. 2004) (citations omitted).

Here, we discern no ambiguity in the language of Tenn. Code Ann. § 29-20-113. Therefore, we will only look to the plain meaning of the statute's language in our undertaking to effectuate the legislature's intent. We turn first to the "individual capacity" requirement.

Aylor argues that the statute's "individual capacity" requirement is not met here because the scope of representation for Defendants included representation in Defendants' official capacities. Specifically, Aylor argues that the affidavits that attorneys for Defendants submitted for purposes of Defendants' joint motion for attorneys' fees state that Defendants' attorneys rendered their services for Defendants in Defendants' official capacities.[3] Aylor further argues that the Metro Code that authorized Metro to pay for Defendants' attorneys' services in this case only permits Metro to do so when claims are brought against state employees in their official capacities. Finally, Aylor argues that Defendants' attorneys did not separate their fees in accordance with which amounts pertained to representation of Defendants in their individual capacities and which amounts pertained to representation of Defendants in their official capacities. Defendants argue that the statute's "individual capacity" requirement speaks only to the nature of a plaintiff's claim, not the scope of the employee's representation, and that Aylor's claims against Defendants in both their individual and official capacities were so intertwined that the trial court could not differentiate them in awarding attorneys' fees. We agree with Defendants.

The statute plainly states that "if a claim is filed . . . against an employee of the state . . . in the person's individual capacity, . . . then the court . . . on motion shall award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee."[4] Tenn. Code Ann. § 29-20-113(a). The language in § 29-20-113(a) focuses only on whether the claim or claims at issue have been filed against an

---

[3] The affidavits' mentions of "official capacity" are in reference to the fact that Metro agreed to pay for Defendants' attorneys' services because Aylor brought suit in Defendants' official capacities.

[4] As previously noted, Metro agreed to pay the attorneys' fees and costs incurred by Defendants. In situations where a governmental entity "represents, or retains and agrees to pay for counsel to represent, the employee sued in an individual capacity," the governmental entity is to receive the award of attorneys' fees and costs under the statute. Tenn. Code Ann. § 29-20-113(d).

employee in the employee's individual capacity. Here, Aylor brought all claims he asserted against Defendants in both Defendants' individual and official capacities. Thus, "claim[s] [were] filed . . . against [Defendants] . . . in the[ir] . . . individual capacit[ies]." *See id.* § 29-20-113(a). The statute says nothing about the scope of an employee's representation. It is therefore irrelevant for purposes of the statute that Aylor also brought all claims against Defendants in Defendants' official capacities and that Defendants were also represented in their official capacities.[5] Additionally, we agree with Defendants and the trial court that, because Aylor brought all claims against Defendants in both their individual and official capacities, all of Aylor's claims were so intertwined as to be inseparable for purposes of awarding attorneys' fees. If the legislature desired a piecemeal awarding of attorneys' fees for state employees when a plaintiff brings a claim against the employee in the employee's individual capacity merely because the plaintiff also asserts the same claim against the employee in the employee's official capacity, it would have expressly done so. But the legislature did not. Accordingly, Defendants satisfy the statute's "individual capacity" requirement, and we now turn to the statute's definition of "prevailing party."

There are two means by which a state employee can be a "prevailing party" under the statute to be awarded attorneys' fees. The first is if the state employee "successfully defends the claim alleging individual liability[.]" *Id.* § 29-20-113(b)(1). Aylor argues that this language contemplates a state employee prevailing at a trial on the merits, or otherwise succeeding on the merits of the defense that the employee was not acting in the employee's individual capacity, as opposed to a dismissal based upon the statute of limitations. Defendants argue that the statute does not require a trial on the merits or specify any particular means by which a state employee must successfully defend the claim. Defendants further argue that a dismissal on statute of limitations grounds is on the merits. We agree with Defendants.

As Defendants point out, this court has held that the term "prevailing party" refers to "the party to a suit who successfully prosecutes the action or *successfully defends* against it." *Barrett v. Ocoee Land Holdings, LLC*, No. E2015-00242-COA-R3-CV, 2016 WL 297688, at *6 (Tenn. Ct. App. Jan. 25, 2016) (emphasis added) (quoting *Clark v. Rhea*, No. M2002-02717-COA-R3-CV, 2004 WL 63476, at *3 (Tenn. Ct. App. Jan. 13, 2004)). Defendants also point out that a "prevailing party" is one who "*succeeds* on a 'significant claim' which affords the [party] a substantial measure of the relief sought." *Daron v. Dep't of Corr.*, 44 S.W.3d 478, 481 (Tenn. 2001) (emphasis added). Additionally, a "prevailing party" has been defined as a party "who has *succeeded* 'on

---

[5] We further note that the statute contemplates situations in which a plaintiff sues a state employee in both that employee's individual and official capacity. In such situations, such as here, the statute expressly permits the employee to recover attorneys' fees. *See* Tenn. Code Ann. § 29-20-113(c) ("The inclusion of an additional claim against the employee in official capacity in the same proceeding *shall not preclude the employee from obtaining the remedies provided in this section that are related to the claim against the employee in individual capacity*." (emphasis added)).

any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" *Fannon v. City of LaFollette*, 329 S.W.3d 418, 431 (Tenn. 2010) (emphasis added) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Tennessee precedent therefore indicates that there is substantial overlap and interrelation between the term "prevailing party" and the concept of a party's success on a claim, defense, or issue. Indeed, our Supreme Court has held, with regard to a similar statute, that "the phrases 'prevailing party' and 'successfully appealing employee' are analogous." *Daron*, 44 S.W.3d at 481. Thus, we conclude that the legislature intended the concept of "successfully defend[ing] [a] claim" for purposes of § 29-20-113(b)(1) to refer broadly to how Tennessee jurisprudence has defined the analogous term "prevailing party." *See Ki v. State*, 78 S.W.3d 876, 879 (Tenn. 2002) ("[C]ourts must presume that the legislature is aware of prior enactments and of the decisions of the courts when enacting legislation.").

Tennessee jurisprudence has defined "prevailing party" in various ways. We find the following definitions most instructive in this case. A "prevailing party 'is one who has been awarded some relief by the court.'" *Fannon*, 329 S.W.3d at 430 (citations omitted). Such relief "most often comes in the form of 'enforceable judgments on the merits and court-ordered consent decrees.'" *Id.* at 431 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). Nevertheless, "complete success on the merits of a lawsuit" is not necessary for a party to be a "prevailing party." *Id.*

Here, the trial court dismissed the claims against Defendants, thereby awarding relief to Defendants and terminating Aylor's lawsuit. *See Fannon*, 329 S.W.3d at 430 (reasoning that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989))). Additionally, unless otherwise specified in a trial court's order, "an order granting a motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) is an adjudication on the merits." *Creech v. Addington*, 281 S.W.3d 363, 378 (Tenn. 2009). This includes dismissals on statute of limitations grounds. *See Adams v. Watson*, No. W2015-00325-COA-R3-CV, 2015 WL 5613052, at *5 (Tenn. Ct. App. Sept. 24, 2015) (reasoning that a dismissal "based upon the expiration of the statute of limitations . . . clearly operates as an adjudication on the merits"). Therefore, although achieving complete success on the merits of a lawsuit is not necessary for a party to be a "prevailing party," Defendants did so by virtue of the trial court's dismissal of Aylor's claims, including those dismissed on statute of limitations grounds.[6]

Accordingly, because Tennessee court precedent, of which we presume the legislature was aware, defines a "prevailing party" and one who "successfully defends a claim" as effectively one and the same, and because Defendants meet Tennessee

---

[6] The trial court did not otherwise specify that the dismissals were not on the merits.

precedent's definition of "prevailing party," Defendants are, in turn, "prevailing parties" for purposes of § 29-20-113(b)(1). As Defendants argue, the legislature did not limit what constitutes a successful defense in any manner, and it appears that the legislature therefore intended the statute to apply broadly. We will not constrain application of a statute when the plain language of the statute evinces an intention to do the opposite.

Notwithstanding our conclusion that Defendants are "prevailing parties" for purposes of § 29-20-113(b)(1), we proceed to analyze whether Defendants are also "prevailing parties" for purposes of § 29-20-113(b)(2). This subsection states that a state employee can also be a "prevailing party" for purposes of an award of attorneys' fees under § 29-20-113 if

> [t]he claim of individual liability is dismissed with or without prejudice after forty-five (45) days have elapsed after an answer or other responsive pleading is filed in which the employee asserts the employee was not acting within the employee's individual capacity at the time of the matters stated in the complaint.

Tenn. Code Ann. § 29-20-113(b)(2). Thus, three elements must be met for a state employee to be deemed a "prevailing party" under the subsection: (1) there must be a dismissal of the claim of individual liability, either with or without prejudice; (2) the dismissal must come at least forty-five days after the state employee files an answer or other responsive pleading; and (3) the state employee must have asserted in such answer or other responsive pleading that the employee was not acting in the employee's individual capacity regarding the alleged actions of the employee that form the basis of the complaint against the employee.

Here, the trial court dismissed Aylor's claims alleging individual liability against Defendants with prejudice more than forty-five days after Defendants filed their motions to dismiss.[7] Defendants, in their memoranda of law in support of their motions to dismiss, asserted that Defendants were acting in their official capacities at the times relevant to

---

[7] Vanderveen filed his motion to dismiss on August 18, 2017, and Lindsey and Ott filed their motions to dismiss on September 25, 2017. Lindsey amended his motion that same day, and Vanderveen subsequently amended his motion on October 2, 2017. The trial court granted Vanderveen and Lindsey's motions in full and Ott's motion in part in an order dated January 18, 2018, dismissing those claims with prejudice. The trial court revised this order on May 1, 2018. The trial court then entered a final order on July 10, 2018, in which the trial court dismissed the remaining claims against Ott with prejudice. Therefore, approximately three and a half months elapsed between the latest date on which any of Defendants filed his motion to dismiss—October 2, 2017, when Vanderveen filed his amended motion— and the earliest order of dismissal entered by the trial court on January 18, 2018. It follows that "[t]he claim[s] of individual liability [were] dismissed with . . . prejudice after forty-five (45) days ha[d] elapsed after" Defendants filed their motions to dismiss. *See* Tenn. Code Ann. § 29-20-113(b)(2).

this case and that Aylor failed to sufficiently plead that Defendants were instead acting in their individual capacities.[8] Because Defendants filed motions to dismiss in lieu of answers in this case, the issue we must decide regarding § 29-20-113(b)(2), on which the parties disagree, is whether a motion to dismiss fits the definition of "other responsive pleading." We hold that it does.

Although "[i]t is well-settled in Tennessee that a motion to dismiss is not a responsive pleading," *Mosley v. State*, 475 S.W.3d 767, 774 (Tenn. Ct. App. 2015) (citations omitted), Defendants are correct that this is only with regard to a plaintiff's right to amend the plaintiff's complaint as a matter of right pursuant to Tenn. R. Civ. P. 15.01, *see, e.g.*, *Cordell v. Cleveland Tenn. Hosp., LLC*, 544 S.W.3d 331, 335 (Tenn. Ct. App. 2017); *Mosley*, 475 S.W.3d at 774; *McBurney v. Aldrich*, 816 S.W.2d 30, 32–33 (Tenn. Ct. App. 1991). The purpose of Tenn. R. Civ. P. 15.01, "as with all the Rules of Civil Procedure, is 'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.'" *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001) (quoting *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn. 1975)). Section 29-20-113, governing the award of attorneys' fees for state employees when a plaintiff files a claim against the employee in the employee's individual capacity, does not share this purpose. Thus, cases construing the term "responsive pleading" for purposes of Tenn. R. Civ. P. 15.01 are not controlling here.

Instead, outside the context of Tenn. R. Civ. P. 15.01, Tennessee precedent seems to recognize that motions to dismiss constitute responsive pleadings. *See Andrews v. Bible*, 812 S.W.2d 284, 289 (Tenn. 1991) (reasoning, with regard to the reasonableness of the plaintiff's prefiling investigation of facts for purposes of ruling on the defendant's motion for sanctions under Tenn. R. Civ. P. 11, that the plaintiff's failure to obtain the correct name and address of the plaintiff's employer "was no more unreasonable than defense counsel's choice of filing an answer as a responsive pleading, *rather than a Rule 12.02 motion to dismiss*" (emphasis added)); *Kendall v. Vanderbilt Bill Wilkerson Ctr.*, No. M2004-00993-COA-R3-CV, 2005 WL 1390047, at *1 (Tenn. Ct. App. June 13, 2005) ("Defendant filed a Motion to Dismiss *as its responsive pleading* to the Complaint in the second action." (emphasis added)); *Green v. Moore*, No. M2003-01015-COA-RMCV, 2004 WL 1745443, at *2 n.4 (Tenn. Ct. App. Aug. 3, 2004) ("Defendants' first responsive pleading was a Tenn. R. Civ. P. 12.02 motion to dismiss . . . ."); *Conservatorship of Hurline v. Hutchins*, 978 S.W.2d 938, 940–41 (Tenn. Ct. App. 1997) (reasoning that, "other than the motion to dismiss, [the defendant] had not answered or filed *any other* responsive pleadings" (emphasis added)).

---

[8] Aylor argues for the first time in his reply brief that such assertions in Defendants' memoranda of law do not make the assertions part of Defendants' motions and that the memoranda are not properly deemed part of the appellate record. However, an appellant cannot "advance a new argument to support an issue in the reply brief." *Denver Area Meat Cutters & Emp'rs Pension Plan v. Clayton*, 209 S.W.3d 584, 594 (Tenn. Ct. App. 2006). Therefore, we do not consider this argument.

Furthermore, as Defendants argue, a motion to dismiss raising any of the defenses in Rule 12.02 "shall be made before pleading if a further pleading is permitted." Tenn. R. Civ. P. 12.02. A motion to dismiss for failure to state a claim upon which relief can be granted "admits the truth of the factual allegations in the complaint but asserts that the alleged facts fail to establish a basis for relief," thereby challenging the legal sufficiency of the complaint. *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012). The purpose of a Rule 12.02(6) motion is therefore to take the place of an answer, or at least to come before an answer, when filing an answer may be unnecessary to defeat a claim. Additionally, in admitting the complaint's factual allegations but contending that they give rise to no cause of action, a Rule 12.02(6) motion serves the purpose that pleadings are designed to serve, which is "to provide notice of the issues presented to the opposing party and court." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *see Hammett v. Vogue, Inc.*, 165 S.W.2d 577, 579 (Tenn. 1942) ("The object and purpose of any pleading is to give notice of the nature of the wrongs and injuries complained of with reasonable certainty, and notice of the defenses that will be interposed, and to acquaint the court with the real issues to be tried."). We therefore conclude that a motion to dismiss for failure to state a claim upon which relief can be granted fits within § 29-20-113(b)(2)'s definition of "other responsive pleading" and that the legislature intended as such. The legislature did not intend for state employees to take the unnecessary step of filing an answer in order to be awarded attorneys' fees when a Rule 12.02(6) motion can otherwise dispose of a plaintiff's claim.

Therefore, because Aylor filed claims against Defendants in Defendants' individual capacities and because Defendants were "prevailing parties" on those claims, Defendants satisfy the requirements of Tenn. Code Ann. § 29-20-113, and we affirm the judgment of the trial court.[9]

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Andy Aylor.

_____
FRANK G. CLEMENT, JR., P.J., M.S.

---

[9] Although Aylor argues that § 29-20-113 requires separating fees charged for representation of state employees in their individual capacity from fees charged for representation of state employees in their official capacity, Aylor does not argue that the trial court awarded an unreasonable amount of attorneys' fees.