# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 2, 2016 Session

## MICHAEL ALLEN SPROUSE v. TIFFANY DOTSON

**Appeal from the Juvenile Court for Robertson County**
**No. 12-34800          Joel Perry, Judge**
_____

**No. M2016-00841-COA-R3-JV – Filed November 18, 2016**
_____

This appeal requires us to interpret a version of a juvenile court statute effective prior to July 1, 2016. A juvenile court magistrate held a hearing on competing petitions to modify a parenting plan filed by a child's parents. The magistrate announced her ruling from the bench at the conclusion of the hearing but did not enter a written order until several days later. Mother, dissatisfied with the magistrate's ruling, filed a request for a rehearing before a juvenile court judge. Mother filed her request within five days of the entry of the magistrate's order but ten days after the hearing before the magistrate. The juvenile court concluded that mother's request for rehearing was untimely and confirmed the magistrate's findings and recommendations as an order of the juvenile court. Because we conclude that the time for requesting a rehearing ran from the entry of the magistrate's written order, mother's request for rehearing was timely. Therefore, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Terrance E. McNabb, Pleasant View, Tennessee, for the appellant, Tiffany Dotson.

John E. Evans, Springfield, Tennessee, for the appellee, Michael Allen Sprouse.

# OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tiffany Dotson ("Mother") and Michael Allen Sprouse ("Father") are the parents of a child. On January 5, 2015, a magistrate of the Juvenile Court of Robertson County, Tennessee, held a hearing on separate petitions related to the child: a petition for civil contempt and modification of parenting plan filed by Father and a counter-petition to modify parenting plan and child support filed by Mother. Although there is no transcript in the record from the hearing, Mother and Father agree that the magistrate announced her ruling from the bench and directed Father's counsel to prepare a proposed written order.

On January 14, 2016, the magistrate signed a written order containing her findings and recommendations. The magistrate found a material change of circumstance had occurred that warranted a change in the existing parenting plan for the child. In light of the material change of circumstance, the magistrate named Father the primary residential parent of the child and adopted Father's proposed parenting plan. The magistrate also ordered Mother to pay child support in accordance with the child support guidelines.

In addition to the ruling, the order contained language in bold type above the magistrate's signature. The language included the following statements:

> **Pursuant to Tenn. Code Ann. § 37-1-107, this becomes an order of the Juvenile Court if an appeal is not filed within five (5) days, excluding Saturdays, Sundays, and legal holidays, from the date this order is entered. This order may be appealed to the Juvenile Court Judge by filing a request for rehearing with the Juvenile Court Clerk within said five (5) day period.**

The day after the magistrate signed the order, Mother filed a pro se request for rehearing and motion to set. In making her request, she used a form provided for that purpose by the juvenile court. The form included a section entitled "NOTICE to Requestor of Rehearing/RIGHTS TO APPEAL," which included the following language:

> Tennessee Code Annotated § 37-1-107 allows you to request a Rehearing before the Juvenile Judge by the filing of a Request for Rehearing & Motion to Set within five (5) days of entry of the Order by the Magistrate, excluding non judicial days.
>
> Pursuant to Tennessee Code Annotated § 37-1-107, if you do not file a Request for Rehearing & Motion to Set within five (5) days of entry of the judgment by the Magistrate, the Order of the Magistrate becomes the final

decree of the Juvenile Court and you cannot get a Rehearing before the Juvenile Judge. You may appeal the final confirmed Order of the Juvenile Magistrate or Juvenile Judge within ten (10) days of the filing of the Order, excluding non judicial days.

Despite this language, the same day the request for rehearing was filed by Mother, the juvenile court judge signed an order stating that the magistrate's order had been reviewed, had become the order of the juvenile court, and was confirmed.

Later, the juvenile court dismissed Mother's request for rehearing as untimely. The court found that "[t]he final hearing was conducted on January 5, 2016, with bench order announced on the record by the Magistrate and in effect immediately on same day [, and] [t]he Request for Re-hearing has exceeded the statutory 5 days pursuant to T.C.A. § 37-1-107."

Mother, acting pro se and later through counsel, moved twice to set aside the order dismissing her request for rehearing. The juvenile court denied each motion. In the latter of the two denials, the court made the following pertinent conclusions of law:

4. The Mother seeks relief based on ROBERTSON COUNTY JUV. CT. LOCAL R. 25 stating that a notice of appeal must be set five days from entry of the order by the magistrate. Also the Mother relies on TENN. R. JUV. P. 4, which states that a request for a rehearing may be made "within five judicial days of the transmittal to the judge of the written findings and recommendations of the magistrate." It is this Court's common practice for the magistrate to announce the "order" on the record from the bench and completes [sic] written findings the day of hearing and submits [sic] those to the Juvenile Judge. No evidence was presented to this Court to suggest this procedure did not occur in this case. Therefore, the Mother's time for rehearing extinguished five (5) days from the actual hearing. The Court further takes guidance from the advisory commission comments in TENN. R. JUV. P. 4, which states that a request for rehearing should be within five days "of the hearing before the referee."

5. The Mother also seeks relief under Tenn. Code Ann. § 37-1-107(d)(e), which states that a request for a rehearing may be filed "within five (5) days thereafter." The Court affirms its previous two orders in finding the Mother's request for a rehearing was not timely filed within five (5) days of the hearing before the magistrate.

6. The Court agrees there is some argument some ambiguity exists amongst all the rules regarding when the request for rehearing shall be filed, but finds that the previous two orders of this Court denying the Mother's

3

request for a rehearing are a valid interpretation of the rules viewed in their totality.

Mother filed a timely appeal.

## II. ANALYSIS

Mother presents a single issue for review, namely whether the juvenile court erred in dismissing her request for a rehearing on the basis that the request was untimely. The resolution of the issue requires the application of statutory text to the circumstances of this case. "Every application of a text to particular circumstances entails interpretation." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 53 (2012) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L. Ed 60 (1803)). Statutory interpretation and the application of a statute to undisputed facts present a question of law, which we review de novo with no presumption of correctness. *Kyle v. Williams*, 98 S.W.3d 661, 663-64 (Tenn. 2003).

When called upon to answer a question of statutory interpretation, our goal is to "carry out legislative intent without broadening or restricting the statute beyond its intended scope." *Harris v. Haynes*, 445 S.W.3d 143, 146 (Tenn. 2014) (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)). We start by looking to the language of the statute, and if it is unambiguous, we apply the plain meaning and look no further. *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 517 (Tenn. 2014); *State v. Hawkins*, 406 S.W.3d 121, 131 (Tenn. 2013). In doing so, we must avoid any "forced or subtle construction that would limit or extend the meaning of the language." *Keen v. State*, 398 S.W.3d 594, 610 (Tenn. 2012) (quoting *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004)). Only when the language of a statute is ambiguous do we turn to the broader statutory scheme, legislative history, or other sources for clarity in meaning. *Thurmond*, 433 S.W.3d at 517. A statute is ambiguous where it "can reasonably have more than one meaning." *Brundage v. Cumberland Cnty.*, 357 S.W.3d 361, 365 (Tenn. 2011) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010)).

The statute at issue, Tennessee Code Annotated § 37-1-107, is part of the juvenile courts chapter of the Tennessee Code. The statute authorizes a juvenile court judge to appoint one or more magistrates to hear cases. The statute also sets forth the effect of a magistrate's findings and recommendation and the procedure for seeking review of those findings and recommendations. The version of the statute[1] applicable to this case provides, in pertinent part, as follows:

---

[1] In 2016, the Legislature amended Tennessee Code Annotated § 37-1-107 by rewriting subsections (b) through (g). The statute as amended took effect on July 1, 2016. 2016-1 Tenn. Code Ann. Adv. Legis. Serv. 265 (ch. 716) (Lexis/Nexis).

(b) The judge may direct that any case or class of cases shall be heard in the first instance by the magistrate in all cases wherein the juvenile court has jurisdiction in the manner provided for the hearing of cases by the court.

(c) A magistrate has the same authority as the judge to issue any and all process. The magistrate in the conduct of the proceedings has the powers of a trial judge.

(d) Upon the conclusion of the hearing in each case, the magistrate shall transmit to the judge all papers relating to the case, together with the magistrate's findings and recommendations in writing. Any hearing by a magistrate on any preliminary matter is final and not reviewable by the judge of the juvenile court, except on the court's own motion. The setting of bond in detention hearings and any matter that is a final adjudication of a juvenile shall not be construed to be a preliminary matter under this section and are reviewable by the judge of the juvenile court upon request or upon the court's own motion as provided in this section.

(e) Any party may, within five (5) days thereafter, excluding nonjudicial days, file a request with the court for a hearing by the judge of the juvenile court. The judge may, on the judge's own motion, order a rehearing of any matter heard before a magistrate, and shall allow a hearing if a request for such hearing is filed as herein prescribed. Unless the judge orders otherwise, the recommendation of the magistrate shall be the decree of the court pending a rehearing.

Tenn. Code Ann. § 37-1-107 (2014).

In dismissing Mother's request for a rehearing, the juvenile court focused on subsection (e) of Tennessee Code Annotated § 37-1-107. Specifically, the court interpreted the word "thereafter" in the phrase "within five (5) days thereafter" to refer to the conclusion of the hearing before the magistrate. The court also noted the "common practice" for magistrates to announce their "order" from the bench and to make and transmit written findings on the same day as the hearing.

Our reading of subsections (d) and (e) of the statute leads us to the conclusion that a request for a rehearing must be made within five days after the magistrate transmits to the juvenile court judge "all papers relating to the case, together with the magistrate's findings and recommendations in writing." *Id.* Thus, a written order setting forth the magistrate's ruling must be filed before "all papers relating to the case" can be transmitted to the juvenile court judge. Only this reading gives effect to every word of the statute, as we must in interpreting a statute. *See General Care Corp. v. Olsen*, 705 S.W.2d 642, 646 (Tenn. 1986).

Our interpretation of the statute is further buttressed by the former Rules of Juvenile Procedure,[2] which were "designed to implement the purposes of the juvenile court law." Tenn. R. Juv. P. 1(c). At the time Mother requested a rehearing, Rule 4 provided that "[a]ny party may, *within five judicial days of the transmittal to the judge of the written findings and recommendations of the magistrate*, file a request with the court for a hearing by the judge of the juvenile court." *Id.* 4(c)(1) (emphasis added).

Because we conclude that the time period for requesting a rehearing ran from the magistrate's written findings and recommendations, Mother timely requested a rehearing by filing her request on January 15, 2016. Although "common practice" may have been for magistrates to complete and submit written findings the day of hearing, as the record reflects, common practice was not followed in this instance. The magistrate signed her written findings and recommendations on January 14, 2016, and they were filed with the juvenile court the following day. As a result of her request filed the same day as the written findings and recommendations, Mother was entitled to a de novo hearing before the juvenile court judge. *See Kelly v. Evans*, 43 S.W.3d 514, 515 (Tenn. Ct. App. 2000) ("[T]he language in the Statute, 'shall allow a hearing' contemplates a traditional *de novo* hearing.").

### III. CONCLUSION

For the foregoing reasons, we reverse the order of the juvenile court, and we remand with instructions for the juvenile court judge to conduct a de novo hearing.

_____
W. NEAL MCBRAYER, JUDGE

---

[2] The General Assembly ratified amendments to the Rules of Juvenile Procedure effective July 1, 2016. H. Res. 145 & S. Res. 79, 109th Gen. Assemb., Reg. Sess. (Tenn. 2016).