IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs October 30, 2018

**STATE OF TENNESSEE v. ABBIE LEANN WELCH**

**Appeal from the Criminal Court for Knox County**
**No. 107201    G. Scott Green, Judge**

_____

**No. E2018-00240-CCA-R3-CD**

_____

Defendant, Abbie Leann Welch, entered a Walmart store and stole merchandise after she had received notification that she was banned from all Walmart properties. Defendant was convicted at a bench trial of one count of misdemeanor theft and one count of burglary. On appeal, Defendant argues that the burglary conviction should be dismissed because the burglary statute, Tennessee Code Annotated section 39-14-402, does not apply to entry into buildings open to the public. Upon our review, we hold that the burglary statute is not unconstitutionally vague and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. CAMILLE R. MCMULLEN, J., filed a separate opinion concurring in part and dissenting in part.

Patrick T. Phillips, Knoxville, Tennessee, for the appellant, Abbie Leann Welch.

Herbert H. Slatery III, Attorney General and Reporter; Jeffery D. Zentner, Assistant Attorney General; Charme Allen, District Attorney General; and Mitch Eisenberger, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

On the afternoon of October 7, 2015, Defendant went to the East Towne Walmart with her friends Krista Brooks and Tonya Cooper. Defendant and her friends discussed

their plan for Defendant to steal some merchandise and for Ms. Cooper to return the items for a gift card. Ms. Brooks asked Defendant not to go to Walmart because she knew that Defendant had "got[ten] in trouble there before." Nevertheless, Defendant entered the store while Ms. Brooks and Ms. Cooper waited in the van.

When Defendant returned to the van, she gave the merchandise in her purse to Ms. Cooper, who placed the items into a bag. Ms. Cooper and Ms. Brooks then entered the store while Defendant remained in the van. Ms. Brooks went to the restroom while Ms. Cooper went to the customer service area to return the items for a gift card. When Ms. Brooks exited the restroom, two men asked her and Ms. Cooper to accompany them to the loss prevention office. Defendant called Ms. Brooks's phone, but Ms. Brooks did not answer. Defendant then drove the van to the parking lot of a fast food restaurant in the same shopping center where she was ultimately apprehended by police.

Matthew Schoenrock, an asset protection officer for Walmart, observed "an unidentified female quickly exiting the store with a large purse that looked to be full of merchandise." Suspicious of the woman's demeanor, Mr. Schoenrock reviewed the store's surveillance video of the woman's actions inside the store.[1] Mr. Schoenrock was able to identify Defendant because he was familiar with her from "prior incidents." Mr. Schoenrock "backtracked" the surveillance footage and observed Defendant "concealing the merchandise into her purse that she had just selected off the shelves." Defendant then exited the store and got into a vehicle. After a few minutes, two women exited that vehicle and entered the store with bags of merchandise. They went to the customer service desk to return the items, and Mr. Schoenrock identified the items they pulled out of the bags as the same "various clothing items" that Defendant had taken off of the shelves. Mr. Schoenrock then called the police, and he and another asset protection officer stopped the women as they were leaving the customer service area.

Defendant was eventually apprehended by the police and brought to the loss prevention office. Defendant admitted the theft to Mr. Schoenrock, apologized, and admitted that "she knew that she had been trespassed before in the past." Specifically, on January 6, 2015, Mr. Schoenrock had issued Defendant a "trespass form." The form is entitled "Notification of Restriction from Property" and informs the recipient that "you are no longer allowed on Walmart property," including "all Walmart retail locations," and may "be charged with criminal trespass" for entering a Walmart property. Mr. Schoenrock agreed that whether a person would be given a citation for trespassing as opposed to a verbal warning would depend on how long they were in the store and whether the police could get there in time.

---

[1] The State informed the trial court that the video recording of Defendant's actions inside the store, as well as the recording of the van in the parking lot, was inadvertently not preserved. Only the recordings of the transaction at the customer service desk and of the suspects inside the loss prevention office were preserved and entered into evidence.

On January 27, 2016, a Knox County grand jury indicted Defendant for one count of misdemeanor theft of property and one count of burglary, a Class D felony. On May 10, 2016, Defendant filed a motion to dismiss the burglary charge, alleging that the burglary statute was unconstitutionally vague as applied. Defendant waived her right to a jury and proceeded to a bench trial on May 24, 2017, at which Ms. Brooks and Mr. Schoenrock testified to the above facts. Defendant chose not to testify. After hearing the proof, the trial court denied Defendant's motion for judgment of acquittal and denied Defendant's motion to dismiss the burglary charge. The trial court found Defendant guilty of burglary and misdemeanor theft. The trial court imposed a total effective sentence of six years to be served on supervised probation.[2] On January 26, 2018, the trial court heard and denied Defendant's motion for new trial. Defendant filed a timely notice of appeal.

*Analysis*

As her sole issue on appeal,[3] Defendant contends that her conviction for burglary violates her constitutional right to due process of law. Defendant contends that the conduct proved in this case—entering a business open to the public and shoplifting after the receipt of a no trespass notification—does not meet the statutory definition of burglary under Tennessee Code Annotated section 39-14-402 because burglary "is a crime intended to protect from intruders in places where people expect to be free from intrusion" and "there [is] no expectation of privacy in a public retail space." Defendant argues that the burglary statute is unconstitutionally vague as applied to the facts of this case. Additionally, Defendant argues that the State arbitrarily exercised its discretion by prosecuting an otherwise misdemeanor trespassing as a felony burglary. The State responds that the plain language of the burglary statute, specifically subsection 402(a)(3), "clearly makes punishable as a burglary the entry into a store from which one has repeatedly been banned, to commit theft."

Statutory interpretation and the application of a statute to facts that are not in dispute present a question of law, which this Court reviews de novo with no presumption of correctness. *Kyle v. Williams*, 98 S.W.3d 661, 663-64 (Tenn. 2003). This Court also reviews constitutional issues de novo. *State v. Merriman*, 410 S.W.3d 779, 791 (Tenn. 2013).

---

[2] A probation violation warrant was issued during the pendency of Defendant's motion for new trial, and Defendant's probation was revoked on February 16, 2018.

[3] Defendant does not challenge the sufficiency of the evidence with regard to either of her convictions. Thus, the facts of this case are undisputed.

Under both the state and federal constitutions, a criminal statute cannot be enforced when it prohibits conduct "in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application." *State v. Pickett*, 211 S.W.3d 696, 704 (Tenn. 2007) (quoting *Leech v. Am. Booksellers Ass'n*, 582 S.W.2d 738, 746 (Tenn. 1979)). "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Id.* (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). A "vague statute is vulnerable to a constitutional challenge because it (1) fails to provide fair notice that certain activities are unlawful; and (2) fails to establish reasonably clear guidelines for law enforcement officials and courts, which, in turn, invites arbitrary and discriminatory enforcement." *Id.* at 702. "The primary purpose of the vagueness doctrine is to ensure that our statutes provide fair warning as to the nature of forbidden conduct so that individuals are not 'held criminally responsible for conduct which [they] could not reasonably understand to be proscribed.'" *State v. Crank*, 468 S.W.3d 15, 22-23 (Tenn. 2015) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)).

"A criminal statute must be construed according to the fair import of its terms when determining if it is vague." *State v. Burkhart*, 58 S.W.3d 694, 697 (Tenn. 2001). "[I]t is the duty of the courts 'to adopt a construction which will sustain a statute and avoid constitutional conflict if its recitation permits such a construction.'" *Id.* at 697-98 (quoting *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990)). The goal of statutory construction is to give full effect to the legislature's purpose, without exceeding the statute's intended scope. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010).

We begin with the statute's language and give the legislature's chosen words their natural and ordinary meaning. *State v. Edmonson*, 231 S.W.3d 925, 927 (Tenn. 2007). "When a statute's text is clear and unambiguous, the courts need not look beyond the statute itself to ascertain its meaning." *Lee Med., Inc.*, 312 S.W.3d at 527. "Only an ambiguity in the language of the statute will permit us to look behind its face to determine the legislature's intent." *State v. Powers*, 101 S.W.3d 383, 393 (Tenn. 2003). A statute is ambiguous if the language "is susceptible [to] more than one reasonable interpretation." *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 512 (Tenn. 2001). This Court may presume that the legislature "used every word deliberately and that each word has a specific meaning and purpose." *Lee Med., Inc.*, 312 S.W.3d at 527. "[W]here the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject." *Edmonson*, 231 S.W.3d at 927 (quoting *State v. Hawk*, 170 S.W.3d 547, 551 (Tenn. 2005)).

The crime of burglary is codified at Tennessee Code Annotated section 39-14-402. This statute, which was enacted in 1989 and last amended in 1995, provides as follows:

(a) A person commits burglary who, *without the effective consent of the property owner*:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;

(3) *Enters a building and commits or attempts to commit a felony, theft or assault*; or

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

T.C.A. § 39-14-402(a) (emphasis added).

Defendant's argument focuses on whether the term "building" as used in subsection (a)(3) is limited to places "not open to the public" as it is in subsection (a)(1). According to *Black's Law Dictionary*, the term "building" is defined as a "structure with walls and a roof, esp. a permanent structure." Building, *Black's Law Dictionary* 194-95 (10th ed. 2014); *see Edmondson*, 231 S.W.3d at 928 (stating that when the legislature does not provide a specific definition for a statutory term, courts may look to other sources, such as dictionary definitions, for guidance). Defendant relies on dicta from this Court's opinion in *State v. Danielle Chandria Jensen*, which was subsequently vacated by the Tennessee Supreme Court on procedural grounds, for the contention that subsection (a)(3) of the burglary statute was not intended to cover buildings open to the public. *See* No. M2016-01553-CCA-R10-CD, 2017 WL 3671093 at *9-10 (Tenn. Crim. App. Aug. 25, 2017) (citing Jonathan Harwell, *Burglary at Wal-Mart: Innovative Prosecutions of Banned Shoplifters Under Tenn. Code Ann. § 39-14-402*, 11 Tenn. J. L. & Pol'y 81, 99-103 (2016)), *perm. app. granted, judgment vacated* (Tenn. Dec. 8, 2017). However, a different panel of this Court has recently held that the term "building" as used in subsection (a)(3) is not ambiguous and follows its "natural and ordinary meaning." *State v. Nikia Bowens*, No. E2017-02075-CCA-R3-CD, 2018 WL 5279374, at *7 (Tenn. Crim. App. Oct. 23, 2018), *perm. app. filed*; *State v. Jason Kane Ivey*, No. E2017-02278-CCA-R3-CD, 2018 WL 5279375, at *8 (Tenn. Crim. App. Oct. 23, 2018), *perm. app. filed*. We agree that the legislature's inclusion of the phrase "not open to the public" in subsection (a)(1) and omission of that phrase from subsection (a)(3) was purposeful and does not alter the plain meaning of the term "building" in subsection (a)(3). Indeed, the Sentencing Commission Comments to the burglary statute state that "[t]his section . . . applies only to intrusions involving buildings that are not habitations[,]" clarifying that

"not habitations" applies to the entire statute but making no further distinction between buildings open to the public and those not open to the public.  T.C.A. § 39-14-402, Sent. Comm'n Cmts.; *see* T.C.A. § 39-14-403 (defining aggravated burglary as the burglary of a habitation).

Thus, the statute is clear that when a person enters *any* building that is not a habitation, including one otherwise open to the public, without the effective consent of the owner and commits or attempts to commit a felony, theft, or assault therein, they may be prosecuted for burglary pursuant to Tennessee Code Annotated section 39-14-402(a)(3).  We disagree with Defendant's contention that the burglary statute reaches only places where the owner has an expectation of privacy from the public at large. Though Walmart and other retail establishments may generally consent to entry by members of the public at large during normal business hours, such consent is clearly revoked when an individual has been notified in writing that they are no longer allowed on the property.  *See Nikia Bowens*, 2018 WL 5279374, at *11 (citing *State v. Ash*, 12 S.W.3d 800, 803 (Tenn. Crim. App. 1999)) (concluding that an owner of a building that is otherwise open to the public can revoke its consent for a particular person to enter).  A non-consensual entry, which may begin as merely a misdemeanor trespass, becomes a felony burglary when the banned individual proceeds to commit or attempt to commit a felony, theft, or assault.  Unlike subsection (a)(1), the banned individual need not have intended to commit a felony, theft, or assault at the time of entry under subsection (a)(3). A person of common intelligence is not forced to speculate about the conduct prohibited by Tennessee Code Annotated section 39-14-402(a)(3); thus the statute is not unconstitutionally vague.  *See Nikia Bowens*, 2018 WL 5279374, at *7; *Jason Kane Ivey*, 2018 WL 5279375, at *8.

Defendant further argues that the statute is unconstitutionally vague due to the arbitrary exercise of prosecutorial discretion.  According to Defendant, the "personal predilections" of the Knox County District Attorney "ha[ve] upended decades of routine practice in Knox County and statewide" by "mak[ing] a misdemeanor offense of criminal trespass into a felony."  *See Burkhart*, 58 S.W.3d at 699 ("Due process also provides that a criminal law may be facially vague if it authorizes and encourages arbitrary and discriminatory enforcement.").  However, the fact that "a statute has been interpreted in a particular way for a period of time does not bar a new interpretation" that is consistent with the plain language of the statute.  *Nikia Bowens*, 2018 WL 5279374, at *7; *see State v. Gentry*, 538 S.W. 3d 413, 426 (Tenn. 2017) (holding that the theft statute "is broad enough to encompass theft of real property" almost 30 years after the comprehensive revision of the statute).  That prosecutors have not routinely charged repeated shoplifters with burglary for the commission of a subsequent theft from the store from which they were banned does not prevent their ability to do so under the plain language of Tennessee Code Annotated section 39-14-402(a)(3).

Defendant also cites to the recent amendment of the shoplifting statute, which increases the punishment for a fifth or subsequent conviction in a two-year period by one classification, as evidence that the legislature did not intend for repeat shoplifters to be charged with burglary. *See* T.C.A. § 39-14-146(c). We also find this argument unpersuasive. A person may be subject to enhanced punishment under the shoplifting statute even if each of the prior shoplifting offenses occurred at a different store and even if they have not been banned from the store from which they shoplifted. On the other hand, a privately-owned business may ban an individual from the premises for reasons other than shoplifting, such as fighting or drug use, or may choose to simply ban a shoplifter rather than prosecute them criminally. Additionally, the burglary statute applies to more than just repeat shoplifters, such as those who enter a building without the effective consent of the owner and commit or attempt to commit an assault or a felony. Regardless of the reason for the ban or whether a person has the requisite number of prior convictions for shoplifting, a person who enters a building without the effective consent of the owner and commits or attempts to commit a felony, theft, or assault may be prosecuted for burglary under the plain language of Tennessee Code Annotated section 39-14-402(a)(3). If that person has four or more prior convictions for shoplifting in a two-year period, they may also be subject to enhanced punishment under Tennessee Code Annotated section 39-14-146(c). Thus, there is no conflict between the repeat shoplifting statute and the burglary statute. *See State v. Turner,* 193 S.W.3d 522, 526 (Tenn. 2006) (noting that statutes should be construed harmoniously so as not to conflict).

*Conclusion*

We conclude that Tennessee Code Annotated section 39-14-402(a)(3) is not unconstitutionally vague. Therefore, we affirm the judgments of the trial court.

_____
TIMOTHY L. EASTER, JUDGE