IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

**STATE OF TENNESSEE v. TIMOTHY HINSON**

**Appeal from the Circuit Court for Madison County**
**No. 20-27      Donald H. Allen, Judge**

———————————————————

**No. W2021-00257-CCA-R3-CD**

———————————————————

A Madison County jury convicted Defendant, Timothy Hinson, for one count of continuous sexual abuse of a child ("CSAC"), five counts of rape, five counts of aggravated statutory rape, five counts of statutory rape by an authority figure, three counts of sexual battery by an authority figure, and one count of attempted sexual battery by an authority figure. On appeal, Defendant argues that (1) the trial court violated Tennessee Code Annotated section 39-13-518(f) when it failed to dismiss the predicate offenses after merging them into CSAC, (2) the trial court imposed sentences for the predicate offenses in contravention of Tennessee Code Annotated section 39-13-518(f), (3) his convictions in Counts 3 and 11 violate the protections against double jeopardy, and (4) the trial court abused its discretion in enhancing Defendant's sentence for the CSAC conviction. After review and pursuant to the plain language of Tennessee Code Annotated section 39-13-518(f), we remand the case for resentencing on Counts 4, 8, 12, 15, and 18, and entry of corrected judgment forms in Counts 2, 3, 5, 7, 10, 11, 13, 14, 16, 17, 19, and 20. The judgments of the trial court are otherwise affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender; Brennan M. Wingerter (on appeal), Assistant Public Defender – Appellate Division, Greg Gookin (at trial), Assistant Public Defender, for the appellant, Timothy Hinson.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Matt Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant's convictions stem from his sexual abuse of the 14-year-old victim between February 2016 and March 2017. Although the record does not contain the initial indictment, a Madison County Grand Jury re-indicted Defendant on December 30, 2019, presumably including additional sex offenses. The 20-count re-indictment alleged one count of CSAC, five counts of rape, five counts of aggravated statutory rape, five counts of statutory rape by an authority figure, three counts of sexual battery by an authority figure, and one count attempted sexual battery by an authority figure. Pursuant to Tennessee Code Annotated section 39-13-518(d), in March and August of 2020, the State filed two pretrial notices identifying eight distinct instances of sexual abuse.

The matter proceeded to a jury trial in November of 2020. At trial, the victim testified Defendant sexually abused her nine different times between February of 2016 and March of 2017. The victim's mother and Defendant's neighbor testified at trial corroborating portions of the victim's testimony. Defendant took the stand and denied sexually abusing the victim. Ultimately, the jury convicted Defendant on all counts.

During the sentencing hearing, the trial court first imposed sentences for each predicate offense. The trial court then imposed a 20-year sentence for Count 1, CSAC, and merged Counts 2 through 5, and 7 through 20 into Count 1.[1] The trial court imposed a three-year sentence for Count 6, attempted sexual battery by an authority figure, and ordered it to run concurrently with Count 1. The trial court entered judgment forms shortly thereafter for each merged offense, imposing sentences for each merged offense and noting the merger in the special conditions box on the judgment forms. Defendant now appeals.

### *Analysis*

Defendant argues on appeal that (1) the trial court erred in failing to dismiss the predicate offenses after merging them into the CSAC conviction, (2) the trial court erred in imposing sentences for the predicate offenses, (3) his convictions in Counts 3 and 11 violate the protections of double jeopardy, and (4) the trial court abused its discretion in imposing a 20-year sentence for the CSAC conviction.[2]

---

[1] This sentence has no release eligibility until Defendant has served the entire sentence imposed, undiminished by any sentence reduction credits he may be eligible for or earn. *See* T.C.A. 40-35-501(l)(1).

[2] We have reorganized Defendant's issues to discuss in tandem our analyses of Tennessee Code Annotated section 39-13-518(f).

## I. Application of Tennessee Code Annotated Section 39-13-518(f)

### A. Dismissal of Predicate Offenses

Defendant contends that under Tennessee Code Annotated section 39-13-518(f), the trial court erred when it failed to dismiss his convictions in "Counts 2-5 and 7-20" after merging those counts into Count 1. The State responds that Defendant waived this issue for review because he failed to include it in his motion for new trial. The State further argues that the trial court properly disposed of Defendant's convictions.

The Tennessee Legislature passed the Child Protection Act in 2014, creating the offense of CSAC. T.C.A. § 39-13-518(b). Since its enactment, this Court has only dealt with it on a very few occasions. *See State v. Jeremy Arthur Kimble*, No. M2017-02472-CCA-R3-CD, 2018 WL 5840836 (Tenn. Crim. App. Nov. 7, 2018) (correcting judgment forms that imposed sentences for the predicate offenses of a continuous sexual abuse of a child conviction), *perm. app. denied* (Tenn. Feb. 21, 2019); *State v. Donald Hollon Runions*, No. M2019-00940-CCA-R3-CD, 2020 WL 7238537 (Tenn. Crim. App. Dec. 9, 2020) (assessing the constitutionality of the Child Protection Act), *perm. app. denied* (Tenn. Apr. 7, 2021); *State v. Christopher Nicol Cox*, No. E2020-01388-CCA-R3-CD, 2022 WL 325596 (Tenn. Crim. App. Feb. 3, 2022) (analyzing whether the jury's verdict must specify which instances of sexual abuse predicated the continuous sexual abuse of a child conviction), *perm. app. filed* (Tenn. Mar. 28, 2022). In footnote 13 of *State v. Qualls*, 482 S.W.3d 1 (Tenn. 2016), our supreme court found it unclear whether the Child Protection Act eliminated the practical difficulties associated with generic evidence cases because the "statute specifically requires juror unanimity as to the acts of abuse. [T.C.A.] § 39-13-518(e)."

Our review centers on the application of Tennessee Code Annotated section 39-13-518(f), which provides for joinder of separate instances of sexual abuse and merger of the predicate offenses into a CSAC conviction. Tennessee Code Annotated section 39-13-518(f) states:

> The state may charge alternative violations of this section and of the separate offenses committed within the same time period. The separate incidents shall be alleged in separate counts and joined in the same action. A person may be convicted either of one (1) criminal violation of this section, or for one (1) or more of the separate incidents of sexual abuse of a child committed within the county in which the charges were filed, but not both. The state shall not be required to elect submission to the jury of the several counts. The jury shall be instructed to return a verdict on all counts

in the indictment. In the event that a verdict of guilty is returned on a separate count that was included in the pretrial notice of separate incidents of sexual abuse of a child and the jury returns a verdict of guilty for a violation of this section, at the sentencing hearing, the trial judge shall merge the separate count into the conviction under this section and only impose a sentence under this section. A conviction for a violation of this section bars the prosecution of the individual incidents of sexual abuse of a child as separate offenses described in the pretrial notice filed by the state and presented to the jury. A prosecution for a violation of this section does not bar a prosecution in the same action for individual incidents of sexual abuse not identified in the state's pretrial notice. The state shall be required to elect as to those individual incidents of sexual abuse not contained in the pretrial notice prior to submission to the jury. A conviction for such elected offenses shall not be subject to merger at sentencing.

The State invites this Court to ignore this issue because Defendant did not include it in his motion for new trial. Pursuant to Tennessee Rule of Appellate Procedure 3(e), "the failure to file a motion for a new trial, the late filing of a motion for a new trial, and the failure to include an issue in a motion for a new trial results in waiver of all issues which, if found to be meritorious, would result in the granting of a new trial." *State v. Keel*, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994) (footnote omitted); Tenn. R. App. P. 3(e). Defendant failed to argue in his motion for new trial that under Tennessee Code Annotated section 39-13-518(f), the trial court was required to dismiss the convictions for the predicate offenses. It would appear that issue is waived. However, the issue must be considered to logically address other properly raised issues.

Defendant cites sentences of subsection (f) of section 39-13-518 in isolation, thereby misinterpreting the meaning of the section. The plain language of section 39-13-518(f) does not indicate that the trial court must dismiss the convictions for the predicate offenses following merger. The section merely requires the trial judge to *merge* the predicate offenses into the conviction for CSAC. This merger of the predicate offenses is exactly what occurred at the sentencing hearing. Other than the aggravated statutory rape convictions (as discussed later in this opinion), the trial court properly merged Defendant's predicate offenses into the CSAC conviction. Based on a plain reading of sub-section (f), dismissal of the predicate offenses is not required. Defendant is not entitled to relief on this issue.

### B. Imposition of Sentences for Predicate Offenses

Defendant argues that the trial court erred in imposing sentences for the predicate offenses. We agree with Defendant. Tennessee Code Annotated section 39-13-518(f)

provides that if a defendant is convicted of a violation under the same section, the trial court should only impose a sentence for the CSAC conviction. Tennessee Code Annotated section 39-13-518(f) states in relevant part:

> In the event that a verdict of guilty is returned on a separate count that was included in the notice of separate incidents of sexual abuse of a child and the jury returns a verdict of guilty for a violation of this section, at the sentencing hearing the trial judge shall merge the separate count into the conviction under this section and only impose a sentence under this section.

Statutory interpretation and the application of a statute to facts that are not in dispute present a question of law, which this Court reviews de novo with no presumption of correctness. *Kyle v. Williams*, 98 S.W.3d 661, 663-64 (Tenn. 2003). This Court also reviews constitutional issues de novo. *State v. Merriman*, 410 S.W.3d 779, 791 (Tenn. 2013). We begin with the statute's language and give the legislature's chosen words their natural and ordinary meaning. *State v. Edmonson*, 231 S.W.3d 925, 927 (Tenn. 2007). "When the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage." *State v. Gentry*, 538 S.W.3d 413, 420 (Tenn. 2017) (internal citations omitted). Accordingly, a trial court should not impose a sentence for the predicate offenses or list a range classification, release eligibility, or sentence term on any additional uniform judgment forms. *See Jeremy Arthur Kimble*, 2018 WL 5840836, at *4 (Tenn. Crim. App. Nov. 7, 2018), *perm. app. denied* (Tenn. Feb. 21, 2019). The sentencing hearing transcript and separate judgment forms reflect that the trial court ordered sentences for each merged conviction in contravention of the plain language of the statute.

The State argues that pursuant to *State v. Berry*, 503 S.W.3d. 360 (Tenn. 2015), the trial court was required to enter "separate judgment sheets for each conviction, and to note individual sentences for each merged conviction." This is true for merged convictions, such as a lesser included offense. But we see a significant difference between a lesser included offense and a predicate offense which is used to put a defendant on notice of a CSAC prosecution. The *Berry* court's order for "best practices" for trial courts to impose a sentence for each count of convicted lesser included offenses, in case of future reversal of the greater conviction on appeal, is inapplicable here because of the language of subsection (f). In the event that a verdict of guilty is returned on a separate count that was included in the notice of separate incidents of CSAC and the jury returns a verdict of guilty for a violation of CSAC, the trial court shall merge the separate count into the CSAC conviction and *only* (emphasis added) impose a sentence under CSAC. T.C.A. § 39-13-518(f).

A uniform judgment form indicating merger into the CSAC count for each predicate offense listed on the pretrial notice and contained in a separate count of the indictment, satisfies the "best practices" directives of *Berry* and the statute. If the CSAC prosecution is unsuccessful either at trial or appeal, the State cannot fall back on the sentences imposed for the predicate offenses counts, and the State is barred from further prosecution of the predicate offenses. This seems to be the consequences of the State's choosing to employ prosecution by CSAC as opposed to the traditional way of making an election of offenses based on the proof presented at trial.

Therefore, we must remand for entry of corrected judgment forms in Counts 2, 3, 5, 7, 10, 11, 13, 14, 16, 17, 19, and 20. The separate judgment forms should only indicate the jury's verdict, the offense, and the merger of each offense into Count 1.

## II. Double Jeopardy

Defendant argues that the trial court erred in failing to dismiss Counts 3 and 11 because they are lesser included offenses of Counts 5 and 13 and therefore violate principles of double jeopardy. The State responds that Defendant waived this issue for failing to raise it in his motion for new trial. The State also responds that the trial court properly disposed of Defendant's convictions. Because Defendant generally raised double jeopardy as an issue in his motion for new trial, we do not consider the issue waived.

Defendant cites *Delarris Jones a/k/a Cedric Jones v. State*, No. W2019-01182-CCA-R3-PC, 2020 WL 7040978 (Tenn. Crim. App. Nov. 30, 2020), *no perm. app. filed*, to support his argument that the trial court should have dismissed Counts 3 and 11 for violating double jeopardy. Specifically, Defendant relies on the following passage from *Delarris Jones*:

> It is clear that if two convictions must be merged, there will be only one conviction. Concurrent sentencing for two convictions that should properly be merged results in two convictions, one of which should not exist.

*Id.* at *3. It is puzzling how Defendant interprets this passage to support dismissal of his merged convictions. This passage simply distinguishes between the effect of a merger and the effect of concurrent sentencing on two convictions. "It is well settled in Tennessee that, under certain circumstances, two convictions or dual guilty verdicts must merge into a single conviction to avoid double jeopardy implications." *Berry*, 503 at 362. Here, the trial court avoided double jeopardy implications when it merged Counts 3, 5, 11, and 13 into Count 1. Defendant is not entitled to relief on this issue.

- 6 -

### III. *Length of Defendant's Sentence*

Defendant alleges that the trial court abused its discretion in sentencing Defendant to 20 years' incarceration. The State responds that the trial court properly sentenced Defendant. We agree with the State.

When a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)).

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and also "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

Here, the trial court properly classified Defendant's CSAC conviction as a Class B felony. *See* T.C.A. § 39-13-518(c)(1)-(3). As charged, Tennessee Code Annotated section 39-13-518(g) states:

> Notwithstanding any other law to the contrary, a person convicted of a violation of this section shall be punished by imprisonment and shall be sentenced from within the full range of punishment for the offense, between Ranges I-III.

Thus, Defendant's potential sentence ranged from eight to 30 years. *See* T.C.A. § 40-35-112.

The trial court considered the evidence, the presentence report and the principles of sentencing. Without specifically finding enhancement factor (14) applied, the trial court stated that Defendant was "a longtime family friend of the father," in a position of private trust, and that he used his position to sexually abuse the victim. T.C.A. § 40-35-114(14) (allowing a trial court to enhance a defendant's sentence where "[t]he defendant abused a position of public or private trust[.]"). Defendant argues enhancement factor (14) does not apply because "an alleged position of trust" was an element of eight of the predicate offenses. In the context of a CSAC conviction, enhancement factor (14) is applicable if supported by the facts because a position of trust is not an essential element of the crime. *See* T.C.A. § 39-13-518(a)(2). The trial court applied "moderate weight" in mitigation because Defendant had minor traffic violations, a positive work history, no history of drug or alcohol abuse, and had served in the military. T.C.A. § 40-35-113(13) (permitting the mitigation of a sentence for "[a]ny other factor consistent with the purposes of this chapter."). We conclude that the trial court did not abuse its discretion in imposing a within-range sentence of 20 years for the CSAC conviction.

*Merger*

Lastly, we are compelled to note that the trial court improperly merged the aggravated statutory rape convictions in Counts 4, 8, 12, 15, and 18. The offense for which Defendant was indicted in each of those counts, Tennessee Code Annotated section 39-13-506(c), aggravated statutory rape, is not included within the definition of "sexual abuse of a child" under Tennessee Code Annotated section 39-13-518(a)(2). What is more striking from the record is aggravated statutory rape is not an offense listed on the State's pretrial "Notice of Identifying Acts of Sexual Abuse." Additionally, aggravated statutory rape contains different elements and is not a lesser-included offense of sections 39-13-518(a)(2), -503(a)(2), -527(a), or -532(a). *See State v. Watkins*, 362 S.W.3d 530, 557 (Tenn. 2012).

Because the State mistakenly believed and argued the aggravated statutory rape convictions would merge into the CSAC conviction, it failed to provide an election of offenses at the close of its proof. However, during closing arguments, the State related each count to the corresponding sexual abuse instance. The State's closing argument provided an effective substitute for an instruction on election. *State v. Ricky Dale Breeden*, E2019-00983-CCA-R3-CD, 2020 WL 5638589 (Tenn. Crim. App. Sept. 21, 2020) *perm. app. denied* (Tenn. Feb. 4, 2021). *State v. James Arthur Kimbrell*, No. M2000-02925-CCA-R3-CD, 2003 WL 1877094 at*23 (Tenn. Crim. App. Apr. 15, 2002). Thus, the State's failure to elect at the close of its proof "did not create a substantial risk of a non-unanimous verdict, cause a substantial injustice, or likely change the outcome of the trial." *State v. Knowles*, 470 S.W.3d 416, 426-27 (Tenn. 2015).

This conclusion does not however correct the merger error for counts 4, 8, 12, 15, and 18, wherein the jury convicted Defendant of aggravated statutory rape, an offense not defined as an act of sexual abuse for CSAC application. The mergers by the trial court, at the urging of the State, resulted in improper sentencing. Therefore, we reverse the trial court's merger aspect of Counts 4, 8, 12, 15, and 18 into Count 1, and remand for resentencing on those counts.

## Conclusion

Based on the foregoing, we reverse the trial court's merger of Counts 4, 8, 12, 15, and 18 into Count 1 and remand the matter to the trial court for resentencing and for correction of the judgment forms in Counts 2, 3, 5, 7, 10, 11, 13, 14, 16, 17, 19, and 20. On the corrected judgment forms, the trial court should indicate the jury's verdict, the offense and the merger of each offense into Count 1. We affirm the judgments of the trial court in all other respects.

_____
TIMOTHY L. EASTER, JUDGE